UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:23-cv-00151-LLK

JASON M.                                                                                                      PLAINTIFF

v.

MARTIN O'MALLEY, Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 15, and the Commissioner's response in opposition is at Doc. 17. Plaintiff's reply, if any, was due on July 9, 2024, making this matter ripe for ruling. The parties have consented to the jurisdiction of the Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 7].

Because the Administrative Law Judge's (ALJ's) findings are inadequate to permit meaningful judicial review and assessment of Plaintiff's arguments, the Court will REMAND this matter to the Commissioner for a new decision, including evaluation of Plaintiff's residual functional capacity (RFC) during the period between May 12, 2020, when he alleges that he became disabled, and December 31, 2020, when his insured status for Title II benefits expired.

## Discussion

On or about May 12, 2020, Plaintiff had a heart attack, which necessitated quintuple bypass surgery. Plaintiff alleges disability beginning on May 12, 2020, due to inability to sustain work at any exertional level caused by post-surgical hypotension (low blood pressure), syncope (loss of consciousness), and fatigue. Plaintiff concedes that "[h]e was no longer experiencing syncope episodes, dizziness and lightheadedness as of September 2021." [Doc. 15 at PageID.1672]. Plaintiff insists, however,

1

that he was experiencing these symptoms during the period between May 12, 2020, and September 2021. *Id.*

Plaintiff filed concurrent applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI.

To qualify for DIB and SSI, claimants must file an application and establish that they are disabled. 20 C.F.R. § 404.1520.  Claimants qualify for DIB if they:  (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled.  42 U.S.C. § 423(a)(1).  To qualify for SSI benefits, claimants must file an application and be an "eligible individual" as defined in the Act.  42 U.S.C. § 1382(a); 20 C.F.R. § 416.202.  An individual is eligible for SSI benefits on the basis of financial need and disability.  See 42 U.S.C. § 1382(a).

In this case, Plaintiff was last insured for DIB on December 31, 2020, and he filed his application for SSI on May 3, 2021.  [Doc. 6 at 15, 18].  Therefore, to be entitled to DIB, Plaintiff must show that he was disabled during the period between May 12, 2020, when he alleges that he became disabled, and December 31, 2020, when his insured status expired.  To be eligible for SSI, Plaintiff must establish disability during the period between May 3, 2021, when he applied for SSI, and December 6, 2022, when the ALJ issued her decision.

In her decision, the ALJ identified Plaintiff's severe, or vocationally significant, impairments "[t]hrough December 31, 2020" as: status post quintuple bypass grafting surgery, coronary artery disease, orthostatic hypotension, chronic obstructive pulmonary disease (COPD), chronic ischemic heart disease, and vision loss in the left eye. [Doc. 6 at 18]. The ALJ identified the impairments Plaintiff "has" as of the December 6, 2022, decision date as the same impairments plus the following additional impairments: degenerative disc disease of the lumbar spine, and status post partial medial meniscectomy of the right knee. *Id.* The ALJ identified the RFC Plaintiff "has" as restricting him to a limited range of light work. *Id.*

at 19-20. But the ALJ did not identify Plaintiff's RFC during the period relevant to his DIB claim, i.e., May 12, 2020, through December 31, 2020.

In finding that Plaintiff has an RFC for light work, the ALJ found "persuasive" the opinions of the Commissioner's non-examining program physicians. [Doc. 6 at 22]. But the program physicians did not evaluate Plaintiff's RFC during the period relevant to Plaintiff's DIB claim, i.e., May 12, 2020, through December 31, 2020. *Id.* at 62, 69, 78, 80, 87, 89. Rather, the program physicians evaluated Plaintiff's RFC only for the period after December 31, 2020. *Id.*

A district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Comm'r*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Comm'r*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (ALJ's findings must be sufficient to "permit meaningful review").

Because Plaintiff argues that he could not sustain work at any exertional level during the period relevant to his DIB claim and the ALJ did not evaluate Plaintiff's RFC during that period, the ALJ's findings are insufficient to permit a meaningful review of Plaintiff's argument. Additionally, the Court is unable to evaluate Plaintiff's arguments to the extent those arguments pertain to his DIB claim. Those arguments are:

1. The ALJ's finding for "light RFC is not supported by substantial evidence." [Doc. 15 at PageID.1668].

2. The "record supports at minimum closed period of disability." [Doc. 15 at PageID.1672].

3. The "state agency non-examining opinions are not supported." [Doc. 15 at PageID.1673].

4. The ALJ should have found Plaintiff to be disabled based on the following hypothetical presented at the administrative hearing:

> ALJ: And take the last hypothetical, this individual would be absent from the workforce for at least two days out of a month due to … shortness of breath, fatigue, and weakness associated with cardiac … impairments. Any work in the national economy for this person?
>
> VE: No, Your Honor. That would rule out full-time competitive work.

[Doc. 15 at PageID.1674; Doc. 6 at 56-57].

First, Plaintiff argues that the ALJ's finding for "light RFC is not supported by substantial evidence." [Doc. 15 at PageID.1668].

As indicated above, the issue with respect to Plaintiff's SSI claim is his disability status between May 3, 2021, when he applied for SSI, and December 6, 2022, when the ALJ issued her decision. Plaintiff concedes that "[h]e was no longer experiencing syncope episodes, dizziness and lightheadedness as of September 2021." [Doc. 15 at PageID.1672]. The concession tends to support the ALJ's finding that Plaintiff has an RFC for light work. Admittedly, Plaintiff also suffers from degenerative disc disease of the lumbar spine and status post partial medial meniscectomy of the right knee. [Doc. 6 at 18]. But Plaintiff has failed to prove that the ALJ acted outside her "zone of choice," *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009), in finding that his impairments as a whole allow performance of light work.

As indicated above, the issue with respect to Plaintiff's DIB claim is his disability status between May 12, 2020, when he alleges that he became disabled, and December 31, 2020, when his insured status expired. Because the ALJ did not specifically find Plaintiff's RFC during this period, much less what evidence supported it, the Court is unable to meaningfully review Plaintiff's first argument.

Second, Plaintiff argues that the "record supports at minimum closed period of disability." [Doc. 15 at PageID.1672]. If Plaintiff is entitled to DIB based on his disability status between May 12, 2020, and December 31, 2020, it is unclear that Plaintiff would need, much less be entitled to, a closed period of disability for the period relevant to his SSI claim.

Third, Plaintiff argues that the "state agency non-examining opinions are not supported." [Doc. 15 at PageID.1673]. Regardless of whether they are supported, these opinions do not address Plaintiff's

4

RFC during the period relevant to his DIB claim, only Plaintiff's RFC after December 31, 2020. [Doc. 6 at 62, 69, 78, 80, 87, 89].

Fourth, Plaintiff argues that the ALJ should have found him disabled based on a hypothetical that contemplated an individual who would be absent from the workforce for at least two days out of a month due to shortness of breath, fatigue, and weakness associated with cardiac impairments. [Doc. 15 at PageID.1674; Doc. 6 at 56-57]. Without a specific finding from the ALJ regarding Plaintiff RFC during the period relevant to his DIB claim, the Court is unable to meaningfully evaluate whether the hypothetical "accurately portray[ed] [Plaintiff's] physical and mental impairments" during that period. *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010).

## Order

Because the ALJ's finding are inadequate to permit meaningful judicial review and assessment of Plaintiff's arguments, this matter is hereby REMANDED to the Commissioner for a new decision, including evaluation of Plaintiff's residual functional capacity (RFC) during the period between May 12, 2020, when he alleges that he became disabled, and December 31, 2020, when his insured status for Title II benefits expired.

July 24, 2024

Lanny King, Magistrate Judge
United States District Court