UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-cv-151-LLK

JASON McKINNEY                                                                                                PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                                   DEFENDANT

MEMORANDUM OPINION AND ORDER
APPROVING REDUCED 406(b) ATTORNEY FEE [DN 24]

This matter is before the Court upon Motion for Approval of Attorney Fee filed by Plaintiff's counsel Millicent Green Polivick pursuant to 42 U.S.C. § 406(b). Counsel seeks approval of a § 406(b) attorney fee in the amount of $14,147.75, or twenty-five percent of the total past-due benefits awarded to Plaintiff. [DN 24-4] at 4. Counsel's Motion is supported by four exhibits: A signed Attorney-Client Contract with Donna Thornton-Green dated July 8, 2020, a signed Attorney-Client Contract with Attorneys Donna Thornton-Green and Millicent Green Polivick dated September 29, 2022, a Notice of Award letter for Disability Insurance Benefits from the Social Security Administration dated September 25, 2025, and a Notice of Award letter for Supplemental Security Income Benefits dated June 18, 2025. Though not filed with this Motion, a timesheet outlining counsel's time entries for work before this Court was located as an attachment to her previously filed Motion for EAJA Fees which reflects a total of 24.25 hours. [DN 20-2]. The Commissioner stated in response that it "neither supports nor opposes counsel's request for attorney's fees in the amount of $14,147.75 under 42 U.S.C. § 406(b)." [DN 25] at 1. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this

case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 7].

For the reasons stated below, the Court will GRANT counsel's Motion in part and DENY it in part, approving an award of $11,640.00 in 406(b) attorney fees.

## I. Procedural History

In May of 2021, Plaintiff applied for Disability Insurance and Supplemental Security Income benefits with the Social Security Administration. When efforts at the administrative level were unsuccessful, Plaintiff filed a Complaint in this Court on November 10, 2023, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying his claim for Social Security Disability benefits. [DN 1]. In May of 2024, counsel for Plaintiff McKinney filed a brief on his behalf to which the Commissioner responded in objection. On July 24, 2024, this Court determined that "the ALJ's findings were inadequate to permit meaningful judicial review and assessment of Plaintiff's arguments" and remanded his case to the Commissioner for further proceedings and a new decision. [DN 18] at 5.

In August of 2024, as the prevailing party (in successfully obtaining a remand), Plaintiff's counsel filed a Motion for Equal Access to Justice Act Attorney Fees in the amount of $3395.00 and $402.00 in filing costs. [DN 20]. The parties stipulated to these amounts in attorney fees and costs in a Joint Agreed Order entered by this Court on August 27, 2024. [DN 22]. Unfortunately, counsel did not receive the EAJA fees award; the United States collected it as a result of the claimant's federal tax lien. [DN 24] at 2. Upon remand, the ALJ reversed the agency's previously Unfavorable Decision and found Plaintiff disabled for a closed period. The favorable Decision upon remand resulted in a DIB past-due benefits award totaling $56,591.00 and an SSI past-due benefits award in the amount of $11,652.10. The Social Security Administration withheld

$14,147.75 in attorney fees based upon the past-due DIB award. Attorney Millicent Green Polivick and Donna Thornton-Green, local disability practitioners with the Law Offices of Donna Thornton-Green, have filed the present fee request seeking approval for $14,147.75, the maximum fee allowed by statute for the closed DIB award.[1] Notably, the agency did not withhold attorney fees from the $11,652.10 in past-due SSI benefits awarded (25% of which would be $2,913.03). [DN 24-5].[2]

## II. Applicable Law

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies—including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are typically sought at the time a successful claimant receives a remand from the federal court back to the Social Security Administration.[3] The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees

---

[1] The Motion for Approval of 406(b) Attorney Fee is sought and signed by both Ms. Polivick and Ms. Thornton-Green. [DN 24] at 3.

[2] According to the Motion, the "benefits paid on the DIB claim are the maximum amount due Plaintiff and SSI payments would be deducted from his backpay as already paid; thus, the fee is calculated based upon the DIB amount only." [DN 24] at 2.

[3] When an attorney receives fees under both the EAJA and 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002).

under 406(b) are typically sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under § 406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b) "does not displace contingency-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

As another district court within the Sixth Circuit put it, to determine whether an award under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of Soc. Sec*., No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Courts must review these contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney seeking the fee has the burden of demonstrating that the amount sought is reasonable for the

services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall between the double-the-standard-rate floor and below the 25% statutory ceiling. As Judge Beaton in this district recently opined, district courts have discretion to reduce fees, even fees unopposed by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025). *Williams* instructs that courts in the Sixth Circuit have a duty to independently assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when they conduct "an individualized analysis of the circumstances of the case," *Id*. at *2 (citing *In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at *2-3.

The Sixth Circuit very recently had occasion to address contingency-fee agreements for § 406(b) fee awards in *Tucker v. Commissioner*, 136 F.4th 639 (6th Cir. 2025), and reiterated that contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons for those deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*.

Using this framework, judges in this District have followed a four-step analysis to evaluate the reasonableness of a § 406(b) attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorney's fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-cv-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Calendaria v. Comm'r of Soc. Sec.*, No. 5:17-cv-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. August 14, 2020)).

## III. Discussion

Plaintiff's counsel Millicent Green Polovick and Donna Thornton-Green are social security disability practitioners in Paducah, Kentucky, and are two of the few remaining local attorneys whose practice includes social security appeals to the federal court. They entered into presumptively reasonable contingency fee agreements with their client for no more than 25% of any past-due benefits recovered for their work in federal court. They have filed the present fee request seeking approval of the full 25% fee withheld from Plaintiff's past-due DIB benefits, or $14,147.75. This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b)'s twenty-five percent cap. Notably, Plaintiff McKinney has not filed an objection to the fee sought by his attorneys.

As to the effective hourly rate, counsel reportedly spent a modest[4] 24.25 hours litigating this case in federal court. [DN 20]. Based upon these numbers, the effective hourly rate would be approximately $583.41 per hour ($14,147.75 ÷ 24.25). The Court takes no issue with the efficient 24.25 hours billed by counsel. The appropriate hypothetical hourly rate however, is less clear-cut. Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the market where the action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422. "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate sought in this case is more than twice the standard EAJA rate of $140 (it is almost four times the EAJA hourly rate); therefore, it is not *per se* reasonable. In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

The Court concurs with counsels' Motion that the quality of representation and results achieved were excellent in this case. Plaintiff's counsel billed a modest 24.25 hours before this Court in order to achieve a highly favorable result for the client. Nonetheless, an attorney seeking the fee under a contingency agreement bears the burden of demonstrating the amount sought is

---

[4] The undersigned routinely sees billing from larger, out-of-state social security firms in the 30-45 billable hours range for similar work before this Court. These larger firms often have multiple partners and associates of varying degrees of expertise working on a case. As a small local firm of two, the Law Office of Donna Thornton-Green may be able to more efficiently handle these cases in terms of hours billed, but efficiency works to their ultimate detriment when the "hypothetical hourly rate" factor in this district's framework is applied. That is, their office's more nimble and efficient handling of social security cases ultimately results in deeper cuts to their already-negotiated, presumptively reasonable 25% contingency attorney fee agreement.

reasonable for the services provided. *Gisbrecht*, 525 U.S. 789, 807. This Court has reduced fee awards to hypothetical rates of $420-$500/hour where the attorney fails to show that experience and other factors justify a higher hypothetical rate. Counsel has not filed evidence into the record[5] pertaining to their usual and customary hourly rate for non-contingency fee-related legal work, nor have they argued that the billable hourly rates in this area are in excess of the standard $140 per hour used to calculate EAJA fees within this district.[6] The Court does note that the case necessitated a 17 page Plaintiff's Brief that was opposed by the Commissioner. The fact that counsel were successful in obtaining a favorable decision upon remand is noteworthy, particularly given that the odds of obtaining a remand in federal court and then winning before an ALJ are "far less than 50% according to recently published data." *Williams v. Comm'r of Soc. Sec.*, 780 F.Supp.3d 709, 714 (W.D. Ky. 2025). These facts speak to the expertise of the practitioners as well as the complexity of Plaintiff's case.

In several recent cases within this district, attorneys with more than five years of Social Security experience (similar to that of counsel Polivick's in this case) have been allotted $460 per hour in 406(b) cases.[7] There is no doubt that Attorney Polivick obtained a successful result for her client in this case. It appears that the Motion was filed and signed by both Attorneys Polivick and Donna Thornton-Green[8]; however, it is unclear how much of the work and billing before this Court

---

[5] In recent 406(b) fees requests within this District, requesting attorneys have provided information on their background and experience: years of specialized practice; the numbers of cases litigated at the agency, federal district courts, and circuit courts; involvement in national disability attorney organizations and trainings; accolades received on the local, regional and national level; and reference to national civil litigation attorney fees matrices.

[6] Using the EAJA fee rate of $140, twice that amount at $280 x 24.25 hours billed in this case before the federal court would mean that a fee of $6,790.00 is *per se* reasonable in this case.

[7] In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour. *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

[8] Donna Thornton-Green is a local Social Security practitioner with decades of experience in this Court. She is one of the few remaining local practitioners filing appeals to the federal court, and she has litigated hundreds of cases in this

is attributable to each. No timesheet or other billing documents were filed with the Motion, and the timesheet document filed with the Motion for EAJA Fees [DN 20] does not indicate which attorney performed the tasks entered. For these reasons, the Court will attribute half of the fee amount to Ms. Polivick at $460 hourly rate commensurate with her experience level, and the other half of the fee amount to Ms. Thornton-Green at the $500 hourly rate commensurate with her decades of experience:

| | | | | |
|---|---|---|---|---|
| Millicent Green Polivick | 12.125 hours | $460.00/hr. rate | = | $5,577.50 |
| Donna Thornton-Green | 12.125 hours | $500.00/hr. rate | = | $6,062.50 |
| | | TOTAL | = | $11,640.00 |

And while this Court reluctantly inserts itself into the contingency fee agreement between counsel and her client, both Sixth Circuit and Western District of Kentucky precedent interpreting the rebuttable presumption of reasonableness in contingency-fee agreements under 42 U.S.C. § 406(b)(1)(A) requires that it do so. Plaintiffs' counsel did not indicate in their Motion whether they intend to seek attorney fees before the Social Security Administration for the time expended before the agency; nonetheless, this Court has considered that fact in arriving at this § 406(b) attorney fee determination. Nothing in this Memorandum Opinion and Order should be construed to mean this Court believes counsels' fee for their work before the Agency should be reduced.

## IV. Conclusion

Having considered the experience of the attorneys who litigated this case in federal court, awards in similar cases within this district, the complexity of the case, and the hypothetical hourly rate, and the Court being otherwise sufficiently advised,

---

forum. The undersigned has previously awarded Ms. Thornton-Green the "goal post" figure of $500 per hour in 406(b) fees. This is the top hourly rate recently awarded by the undersigned to similarly experienced practitioners.

IT IS HEREBY ORDERED that Plaintiff's Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART and DENIED IN Part. Plaintiff McKinney's attorneys Millicent Green Polovick and Donna Thornton-Green are to be paid a total of $11,640.00 pursuant to 42 U.S.C. § 406(b). Because no EAJA fees were paid to counsel pursuant to the Joint Stipulation/Agreed Order for Award of Attorney Fees under the Equal Access to Justice Act [DN 22], there is no EAJA offset.

IT IS FURTHER ORDERED that the Commissioner is directed to pay $11,640.00 directly to attorneys Millicent Green Polovick and Donna Thornton-Green from the funds withheld from Plaintiff's past due benefits.

November 26, 2025

Lanny King, Magistrate Judge
United States District Court